UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRON BROWN,

        Plaintiff,

v.                        Civil Action No. 11 1908

WILLIAM TAYLOR,

        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court will grant the application and dismiss the complaint.

According to plaintiff, William Taylor kidnapped her on March 7, 2011. Compl. at 1-2. This individual and seven other men allegedly raped her repeatedly and impregnated her. *Id.* at 1; *see id.*, Attach. Plaintiff sues "William Taylor and each man for 50,000.00 . . . for pregnacies [sic] and punitive damages." *Id.* at 2.[1]

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts

---

[1] Plaintiff also alleges that "[a] Ms. Katherine Lanier" of the Metropolitan Police Department "kidnapped a Miss Hattie Peterson Jefferson[] on July 9th, 2011 from her home," Compl. at 2, held her hostage for several days during which Lanier and "a host of others" raped and tortured her. *Id.* at 3. Plaintiff states that Ms. Jefferson's "case needs to be investigated." *Id.* Plaintiff's relationship to Ms. Jefferson is not clear, and it does not appear that plaintiff has standing to assert claims on Ms. Jefferson's behalf. Furthermore, the Court has no authority to initiate the investigation or prosecution of a crime. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion.").

have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). This complaint neither states a federal claim nor establishes diversity of citizenship of the parties. Accordingly, the Court will dismiss this action for lack of subject matter jurisdiction.

An Order accompanies this Memorandum Opinion.

DATE: 10/18/11

/s/ Rosemary M. Collyer
United States District Judge